IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTONIO RODRIGUEZ,

              **Plaintiff,**

      v.                            CASE NO. 10-3068-SAC

**THE CITY OF LIBERAL, et al.,**

              **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff submitted the initial partial filing fee as directed, and the court grants leave to proceed in forma pauperis.[1]

This matter arises from injuries plaintiff sustained in a collision between a prisoner transport van in which he was riding and another vehicle. Plaintiff was in handcuffs and ankle shackles but had not been placed in a seatbelt, and he contends that the failure to secure him with a seatbelt violated his rights under the Eighth Amendment and his right to due process.

By its earlier order, the court notified plaintiff that it was considering the dismissal of this matter based upon the failure to identify personal participation, and because the plaintiff's claims appear to allege a claim of negligence, a claim not cognizable under

---

[1] Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee of $350.00 in this action. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

§ 1983. Plaintiff submitted an amended complaint (Doc. 4), and the court has conducted a preliminary review of that pleading.

*Screening*

A federal court must conduct a preliminary screening of a case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. § 1915A(a). At this stage, the court must identify any cognizable claim and must dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To avoid dismissal for failure to state a claim for relief, a complaint must set forth allegations of fact that, assumed to be true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the complaint need not present great detail at this stage, it must present "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The court accepts all well-pleaded allegations as true and construes them in the light most favorable to the plaintiff. *Id*. at 555. But "when the allegations in a complaint, however true, could not raise a [viable] claim of entitlement to relief," the action should be dismissed. *Id*. at 558.

It is settled that "a document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly, the court will not posit additional

allegations of fact or construct a legal theory on behalf of the pro se plaintiff. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Discussion**

The Eighth Amendment prohibits cruel and unusual punishment. To establish a violation of the Eighth Amendment, a prisoner must show both an objective and a subjective component. The objective component requires a showing that the harm suffered is "sufficiently serious to be cognizable under the … Eighth Amendment", and the subjective component requires a plaintiff show that the plaintiff was placed under a substantial risk of harm and that the defendant disregarded that risk. *Martinez v. Beggs*, 563 F.3d 1082, 1088-89 (10th Cir. 2009).

Plaintiff's claims are substantially similar to those presented in *Dexter v. Ford Motor Co.*, 92 Fed.Appx. 637 (10th Cir. 2004). Plaintiff Dexter alleged a violation of the Eighth Amendment and of the Utah Constitution after corrections officials failed to place him in a seatbelt during prisoner transport. Dexter was severely injured when the driver lost control of the vehicle, which rolled and ejected Dexter. He alleged the failure to place him in a seatbelt violated his rights under the Eighth Amendment. While the district court had determined the plaintiff clearly established a violation of his Eighth Amendment rights by alleging the failure to secure him in a seatbelt and the reckless operation of the transport vehicle, the Tenth Circuit reversed the order of the district court denying qualified immunity to the corrections officers conducting the transport and affirmed the grant of qualified immunity to the defendant warden.

The Tenth Circuit stated, in part:

> "As praiseworthy as buckling up may be, we hold that failure to seatbelt an inmate does not violate the Constitution. As plead, the amended complaint states a case of negligence, at most. *See Farmer [v. Brennan]*, 511 U.S. [825], 835 [1994], (Eighth Amendment liability requires more than ordinary lack of due care for the prisoner's interests or safety.")(quotation omitted)." *Dexter*, 92 Fed.Appx. at 643-44.

Other courts also have squarely rejected the claim that a failure to provide a prisoner with a seatbelt violates the Eighth or Fourteenth Amendments. *See, e.g., Jabbar v. Fischer*, 683 F.3d 54 (2d Cir. 2012)(collecting cases); *Richey v. North Atlantic Extradition Services*, 2012 WL 424877 (E.D.Ky. 2012)("a failure to provide seatbelts does not, by itself, constitute a substantial risk of serious harm rising to the level of a constitutional violation")(citation omitted); and *Spencer v. Knapheide Truck Equipment Co.*, 183 F.3d 902 (8th Cir. 1999)(upholding summary judgment in favor of Board where plaintiff challenged purchase of patrol wagons without restraints and plaintiff was transported with handcuffs behind his back).

Having considered the plaintiff's amended complaint in the light most favorable to him, the court concludes the claims presented do not present a claim cognizable in an action under § 1983. Plaintiff's claim, at most, states a claim of negligence and must be presented in the state courts.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue as directed until plaintiff satisfies the full filing fee.

IT IS FURTHER ORDERED this matter is dismissed for failure to

state a claim upon which relief may be granted.

Copies of this order shall be transmitted to the plaintiff and to the finance office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

DATED: This 5th day of February, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge